TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102
    Facsimile: (213) 894-6269
    E-mail:   andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-218-DSF |
|---|---|
| Plaintiff, | PROPOSED SENTENCE |
| v. | Hearing Date: January 31, 2022 |
| DAN PIZARRO, | Hearing Time: 8:30am |
| Defendant. | |

**Brief Procedural History:**

    On February 7, 2018, defendant Dan Pizarro was sentenced in the Eastern District of Louisiana to life in prison on an unrelated heroin and methamphetamine case, followed by ten years of supervised release, Docket No. 16CR00063-01.  The Louisiana court purported to order that its life sentence be served concurrently to any later supervised release violation sentence imposed by this Court, which of course it lacked the authority to do.

    On May 21, 2018, this Court found defendant violated the terms and conditions of supervised release as set forth in allegations 2,

3, 4, 5, and 6 of the petition, and sentenced him to 18 months in prison, nine months each on Counts One and Two, to run consecutively to each other and to the previous federal Louisiana sentence (life), to be followed by five years of supervised release.  The Court explained that incremental punishment was warranted for defendant's breach of the Court's trust, and questioned whether his life sentence in Louisiana would later be reduced.

To date, defendant's life sentence in Louisiana has not been reduced.  Indeed, the sentence was affirmed on appeal, and certiorari was denied.  Defendant's first Section 2255 motion challenging his life sentence in the federal Louisiana case was dismissed, and his request to file a second or successive 2255 motion was denied.

Defendant appealed his sentence in this case, attacking both that his sentence was consecutive to his life-term and to any other sentences in pending cases (which cases have since been terminated), and the terms of his supervised release (defendant must "meet other family responsibilities," "work regularly at a lawful occupation," and "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics"), which the Ninth Circuit found in another case were unconstitutionally vague.  The Ninth Circuit declined to rule on defendant's challenge to his consecutive term, and remanded for a full resentencing based on the "vague" conditions of supervised release.

**The Previously Pending Cases Have Now Been Dismissed:**

During defendant's previous supervised release sentencing in this case, there were two other pending cases against him:  a state case in Louisiana for which he faced revocation of probation, and a possession of marijuana for sale case in San Bernardino County,

People vs. DANNY PIZZARO, FWV1500309-3. Both those cases have since been terminated without a sentence. The only other sentence defendant faces now besides the one this Court will impose is the federal life sentence from Louisiana.

Because defendant faces no pending sentences in other cases, and defendant's earlier appeal in this case was based in part on arguments regarding those previously pending sentences, the government asks that the Court's sentencing order refer only to the life term defendant is currently serving in the federal Louisiana case.

**Recommended Sentence: 18-Months Partially Concurrent**

The Probation Office and the government jointly recommend (1) that the Court terminate supervised release in this case, as defendant is serving a life-term in Louisiana and will be subject to a ten-year term of supervision there in the event he is released, and (2) re-impose the combined 18-month sentence it previously ordered, but make it partially concurrent to defendant's life sentence.

USSG § 5G1.3 provides for partially concurrent sentences:

> In some cases under subsection (d), a partially concurrent sentence may achieve most appropriately the desired result. To impose a partially concurrent sentence, the court may provide in the Judgment in a Criminal Case Order that the sentence for the instant offense shall commence on the earlier of (i) when the defendant is released from the prior undischarged sentence; or (ii) on a specified date. This order provides for a fully consecutive sentence if the defendant is released on the undischarged term of imprisonment on or before the date specified in the order, and a partially concurrent sentence if the defendant is not released on the undischarged term of imprisonment by that date.

USSG 5G1.3, app. Note 4(b). A partially concurrent sentence could address the Court's stated concern that defendant's life term might later be reduced. For example, the Court could order a partially

concurrent sentence to "commence on the earlier of (i) when defendant is released from United States v. Dan Pizarro, Case 2:16-cr-00063-MLCF-DEK; or (ii) on January 1, 2042." That way, there would be an incremental punishment for defendant's breach of the Court's trust if he served less than twenty more years on his Louisiana case, but not if he served more than that. Defendant is 52 years old, according to the BOP website.

Dated: January 18, 2022          Respectfully submitted,

                                 TRACY L. WILKISON
                                 United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                      /s/
                                 ANDREW BROWN
                                 Assistant United States Attorney
                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA